GUANG JIN, Petitioner,

v.

Michael B. MUKASEY, United States Attorney General, Respondent.

No. 07–5591–ag.

United States Court of Appeals, Second Circuit.

Sept. 18, 2008.

Jim Li, New York, NY, for Petitioner.

Gregory G. Katsas, Acting Asst. Atty. General; Francis W. Fraser, Senior Litigation Counsel; Susan Houser, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Wash., D.C., for Respondent.

PRESENT: JON O. NEWMAN, ROGER J. MINER and SONIA SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

Petitioner Guang Jin, a native and citizen of the People's Republic of China, seeks review of a December 6, 2007 order of the BIA affirming the February 2, 2006 decision of Immigration Judge ("IJ") Barbara A. Nelson denying petitioner's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Guang Jin,* No. A98 356 853 (B.I.A. Dec. 6, 2007), *aff'g* No. A98 356 853 (Immig. Ct. N.Y. City, Feb. 2, 2006). We assume the parties' familiarity

with the underlying facts and procedural history of the case.

When the BIA issues an opinion that fully adopts the IJ's decision, we review the IJ's decision. *See, e.g., Chun Gao v. Gonzales,* 424 F.3d 122, 124 (2d Cir.2005). We review the agency's factual findings under the substantial evidence standard, and treat them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Dong Gao v. BIA,* 482 F.3d 122, 126 (2d Cir.2007); *see also Gjolaj v. BCIS,* 468 F.3d 140, 143 (2d Cir.2006) (reviewing the question of nexus for substantial evidence). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004). We review *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Salimatou Bah v. Mukasey,* 529 F.3d 99, 110 (2d Cir.2008).

 We find no error in the IJ's conclusion that Jin failed to establish that the harm he suffered was on account of a protected ground. For applications governed by the REAL ID Act of 2005, like this one, "the applicant must establish that race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant." 8 U.S.C. § 1158(b)(1)(B)(ii); *see also Matter of J–B–N & S–M–,* 24 I. & N. Dec. 208 (B.I.A. 2007). Specifically, in order to demonstrate persecution on account of a political opinion, the "applicant must [ ] show, through direct or circumstantial evidence, that the persecutor's motive to persecute arises from the applicant's political belief." *Yueqing Zhang v. Gonzales,* 426 F.3d 540, 545 (2d Cir.2005) (citing *INS v. Elias–Zacarias,* 502 U.S. 478, 483, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992)); *see also Matter of S–P–,* 21 I. & N. Dec. 486, 494–95 (B.I.A. 1996).

Here, Jin harbored undocumented immigrants from North Korea who he claimed were relatives of his friend. While Jin argues that his decision to harbor North Koreans was an expression of his political opposition to China's allegedly inadequate system of refugee protection, the record does not suggest that the police were motivated, even in part, by Jin's beliefs when they raided his home. Jin testified that the police who beat him during an interrogation asked him why he continued to harbor undocumented immigrants if he knew it was illegal, and that he responded that he could not put his friend's relatives out onto the streets. Accordingly, Jin has not provided evidence that would compel a reasonable fact-finder to conclude that a "central reason" for his arrest was his political opinion as opposed to his violation of generally applicable laws prohibiting the harboring of undocumented migrants. *See* 8 U.S.C. § 1158(b)(1)(B)(ii); *Yueqing Zhang,* 426 F.3d at 545. Therefore, the agency's denial of his asylum application was proper.[1] *Id.* Further, because Jin failed to establish his eligibility for asylum, he necessarily fails to establish eligibility

---

1. While Jin argues in his brief to this Court that the agency erred in failing to consider his membership in a particular social group, the Government properly notes his failure to exhaust this issue before the agency. *See Foster v. INS,* 376 F.3d 75, 78 (2d Cir.2004); *Lin Zhong v. U.S. Dep't of Justice,* 480 F.3d 104, 119–20 (2d Cir.2007). We will not consider Jin's unexhausted argument. Jin is correct, however, in arguing that the BIA erred in "agreeing" with the IJ's finding that he did not suffer past persecution where the IJ made no such finding. Nevertheless, because the agency's nexus finding was proper, any error is harmless. *Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 338 (2d Cir.2006).

for withholding of removal. *Tian–Yong Chen v. INS*, 359 F.3d 121, 127 (2d Cir. 2004).

█ Similarly, we find that the agency properly denied Jin's application for CAT relief. To the extent that Jin bases this claim on punishment that may result from his illegal departure, we have held that evidence that some individuals who left China illegally are imprisoned, and that human rights violations including torture occur in Chinese prisons, is insufficient to establish a clear probability of torture for a particular illegal emigrant. *See Mu Xiang Lin v. U.S. Dep't of Justice*, 432 F.3d 156, 159–60 (2d Cir.2005); *Mu–Xing Wang v. Ashcroft*, 320 F.3d 130, 143–44 (2d Cir.2003). To the extent Jin bases his claim on punishment he may suffer for his past crime of harboring undocumented immigrants, the record demonstrates only that he was told to report to the police station every week in order to guarantee that he would not commit the same crime again. Therefore, we are not compelled to conclude, contrary to the agency, that Jin would more likely than not be tortured. 8 U.S.C. § 1252(b)(4)(B).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).